UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRIS CARRINGTON, Individually and on behalf of all other persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLIANCE ENTERTAINMENT LLC and MECCA ELECTRONICS INDUSTRIES, INC., Jointly and Severally,<br><br>　　　　　Defendants. | ECF CASE<br><br>No.: _____<br><br><u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.　Plaintiff Chris Carrington ("Carrington" or "Plaintiff") worked as a warehouse worker for Defendants Alliance Entertainment LLC ("Alliance Entertainment") and Mecca Electronics Industries, Inc. ("Mecca Electronics" and collectively "Defendants").

2.　Plaintiff alleges on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay overtime premium pay.

3.　Plaintiff alleges on his behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the statutory minimum wage; (ii) failing to pay overtime premium pay; (iii) untimely payment of wages under N.Y. Lab. Law § 191(1)(a); (iv) failing to provide the Notice and

-1-

Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

3. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff was, at all relevant times, an adult individual residing in Bronx, New York.

6. Alliance Entertainment is a limited liability company that is organized under Delaware law and, upon information and belief, has its corporate headquarters in Florida.

7. Alliance Entertainment is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. It is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in

commerce, which its employees have handled, include, but are not limited to, tools, equipment, parts and merchandise for sale.

8. Mecca Electronics is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

9. Mecca Electronics is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. It is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, tools, equipment, parts and merchandise for sale.

10. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and employment conditions, determined his payment rate and method, and kept at least some records regarding his employment.

STATEMENT OF FACTS

11. Alliance Entertainment is an electronic distribution company that maintains offices throughout the United States.

12. Mecca Electronics is an electronic distribution company that is located at 10-16 44th Drive, Long Island City, New York 11101.

13. Since in or around 2019, Mecca Electronics has served as a distribution center of Alliance Entertainment.

14. Since in or around 2019, Alliance Entertainment has placed staff members at Mecca Electronics to oversee business operations.

15. Plaintiff met with Jared [last name unknown] and Terry [last name unknown], both Alliance Entertainment supervisors, to discuss various onboarding materials and issues.

16. Jared is present at Mecca Electronics every day on behalf of Alliance Entertainment to oversee the business operations of Mecca Electronics and to supervise the Plaintiff and other employees.

Duties Performed, Hours Worked and Number of Technicians[1]

17. Defendants employed Plaintiff as warehouse worker from in or around March 2010 until in or around July 2020.

18. During the months of January through September ("regular season"), Plaintiff worked the following schedule for Defendants: Monday to Friday from approximately 9:00 a.m. to approximately 6:00 p.m.

19. From in or around March 2010 until in or around December 2018, Plaintiff was given a 30-minute meal break, resulting in an approximately 42.5 hour work week during the regular season.

20. From in or around January 2019 until in or around July 2020, Plaintiff was given a one-hour meal break, resulting in an approximately 40 hour work week during the regular season.

---

[1] These subject lines are included only for organizational purposes.

21.     During the months of October through December ("holiday season"), Plaintiff worked the following schedule for Defendants: Monday to Friday from approximately 9:00 a.m. to approximately 8:00 p.m.

22.     From in or around March 2010 until in or around December 2018, Plaintiff was given a 30-minute meal break, resulting in an approximately 52.5 hour work week during the holiday season.

23.     From in or around January 2019 until in or around July 2020, Plaintiff was given a one-hour meal break, resulting in an approximately 50 hour work week during the holiday season.

24.     As a warehouse worker, Plaintiff's primary duties included cleaning the warehouse, fulfilling orders and going out on deliveries.

25.     Plaintiff spent more than 25% of his work hours performing physical labor.

26.     Plaintiff worked with, at any one time, 10 other warehouse workers.

27.     A heavy turnover rate exits with the warehouse workers, with some quitting and others getting fired.

Compensation Policies

28.     Defendants paid Plaintiff an hourly rate.

29.     From in or around October 2014 until in or around December 2018, Defendants paid Plaintiff $12.50 per hour.

30.     From in or around January 2019 until in or around July 2020, Defendants paid Plaintiff $13.00 per hour.

31.     Defendants paid Plaintiff through direct deposit.

32. The following is the minimum wage under the New York Labor Law for 2018 through the present[2]:

|  | 2018 | 2019 - present |
|---|---|---|
| NYC employers with 11 or more employees | $13.00 | $15.00 |

33. Defendants paid Plaintiff below the Labor Law's statutory minimum wage from in or around January 2018 until in or around July 2020.

34. Defendants did not pay Plaintiff overtime premium pay for any hour he worked above 40 in a single work week.

35. Defendants paid Plaintiff the same hourly rate for all hours worked in a week, regardless of the total number of hours he worked per week.

36. From speaking with them and personal observations, Plaintiff knows that other warehouse workers, like him, worked similar hours and were not paid overtime.

37. Additionally, Defendants paid Plaintiff every 14 days, not every week.

38. In paying Plaintiff every 14 days, Defendants did not pay Plaintiff for the first week he worked within each pay period within 7 days.

Labor Law Notice Violations

39. Defendants did not provide Plaintiff or the other warehouse workers the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

40. Defendants did not provide Plaintiff or the other warehouse workers with a written wage statement with any wage payment.

---

[2] https://www.labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited October 5, 2020).

41.     From speaking with them and personal observations, Plaintiff knows that other warehouse workers, like him, were not provided with the § 195.1 Notice and were paid without any wage statement.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were warehouse workers at any time since October 21, 2014 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

43.     The Class Members identified above are so numerous that joinder of all Members is impracticable. Although the precise number of them is unknown to Plaintiff and Defendants have sole control of the facts necessary to calculate the actual number, Plaintiff estimates, upon information and belief, more than 40 Class Members exist.

44.     Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

45.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

46.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

47. Plaintiff has the same interest in this matter as all other Class Members and his claims are typical of the Class Members'. Their interests are aligned.

48. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

    a. whether Defendants employed Plaintiff and the Class Members, individually or jointly, within the meaning of the Labor Law;

    b. whether Defendants failed to keep true and accurate time records for all hours Plaintiff and the Class Members worked;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendants failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

    e. whether Defendants failed or refused to pay the Class members wages within 7 days as required under N.Y. Lab. Law § 191(1)(a);

    f. whether Defendants failed to provide the Class Members with a wage statement with every wage payment as N.Y. Lab. Law § 195.3 requires;

    g. whether Defendants failed to provide the Class Members with the required notice under N.Y. Lab. Law § 195.1;

    h. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

      i.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

      j.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

49.    Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were warehouse workers at any time since October 21, 2017 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

50.    Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

      a.      Defendants employed the Collective Action Members;

      b.      Collective Action Members performed similar duties;

      c.      Defendants failed to keep true and accurate time records for all hours Plaintiff and the Collective Action Members worked;

      d.      Defendants willfully or recklessly violated the FLSA;

      e.      Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

      f.      Defendants should be enjoined from violating the FLSA in the future; and

      g.      The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE LABOR LAW
(On Behalf of Plaintiff)

51. Plaintiff realleges every preceding allegation as if set forth fully herein.

52. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

53. Defendants are employers with 11 or more employees.

54. Defendants failed to pay Plaintiff the statutory minimum wage, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.1; N.Y. Lab. Law § 652.

55. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff the statutory minimum wage.

56. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY THE OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

57. Plaintiff realleges every preceding allegation as if set forth fully herein.

58. Plaintiff consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

59. Defendants employed and continue to employ Plaintiff and the Collective Action Members under the FLSA.

60. Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61. Defendants were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Collective Action Members the proper overtime compensation for their hours worked in excess of forty (40) hours per workweek.

63. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

64. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

65. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

66. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

67. Plaintiff realleges every preceding allegation as if set forth fully herein.

68. Defendants are "employers" under N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Class Members.

69. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Class Members.

70. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law § 650 *et seq.*

71. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

72. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
UNTIMELY WAGE PAYMENTS UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

73. Plaintiff repeats every allegation of the preceding paragraphs as if fully set forth herein.

74. Defendants are employers within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Class Members.

75. Plaintiff and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

76. As manual workers, Defendants were required to pay Plaintiff and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

77. With Defendants paying Plaintiff and the Class Members every 14 days, they did not pay them for the first 7 days they worked during each period within 7 days at the end of that week, violating N.Y. Lab. Law § 191(1)(a)(i).

78. For violating N.Y. Lab. Law § 191(1)(a)(i), Defendants are liable to Plaintiff and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a); *Vega v. CM Assoc. Constr. Mgt., LLC*, 175 A.D. 3d 1144 (1st Dep't 2019).

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

79. Plaintiff realleges every preceding allegation as if set forth fully herein.

80. Defendants have willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. LAB. LAW § 195.1(a) within 10 business days of their first employment date.

81. Due to Defendants' violations of Labor Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

82. Plaintiff realleges every preceding allegation as if set forth fully herein.

83. Defendants did not provide Plaintiff and the Class Members with a written wage statement specifying, *inter alia*, their hours worked, compensation rate and any allowances, violating N.Y. LAB. LAW § 195.3.

84. Due to Defendants' violations of Labor Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and on behalf of the Class and Collective Action Members, respectfully requests this Court grant the following relief:

  a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class Members;

  b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

  c. A declaratory judgment that the practices complained of herein violate the FLSA and the Labor Law;

  d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  e. An award for unpaid minimum wage under the Labor Law;

  f. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

    g. An award for untimely payment of wages under N.Y. Lab. Law § 191(1)(a)(i);

    h. An award for failing to provide the N.Y. L<small>AB</small>. L<small>AW</small> § 195.1 Notice;

    i. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

    j. An award of liquidated damages as a result of Defendants' Labor Law violations;

    k. An award of liquidated damages as a result of Defendants' willful FLSA violations;

    l. Equitably tolling the statute of limitations under the FLSA;

    m. An award of pre-judgment and post-judgment interest;

    n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    o. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
October 21, 2020

LIPSKY LOWE LLP

s/Douglas B. Lipsky
Douglas B. Lipsky
Alfons D'Auria
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com
alfons@lipskylowe.com
*Attorneys for Plaintiff Carrington*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ALLIANCE ENTERTAINMENT LLC and MECCA ELECTRONICS INDUSTRIES, INC., jointly and severally, to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

*DocuSigned by:*
*Chris Carrington*
898D28D7805740E...
_____    10/19/2020
Signature                                                                Date


 Chris Carrington_____
Print Name