**Steven W. Teppler, Esq.**
**Lauren X. Topelsohn, Esq.**
**MANDELBAUM SALSBURG, P.C.**
1270 Avenue of the Americas, Suite 1808
New York, NY 10020
STeppler@lawfirm.ms
LTopelsohn@lawfirm.ms
T.  (212) 776-1834
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRIS CARRINGTON, Individually and on behalf of all other persons similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ALLIANCE ENTERTAINMENT, LLC and MECCA ELECTRONICS INDUSTRIES, INC., Jointly and Severally,**<br><br>**Defendants.** | **CIVIL ACTION No. 1:20-cv-05054-ENV-L**<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendants, ALLIANCE ENTERTAINMENT, LLC and MECCA ELECTRONICS INDUSTRIES, INC. (together, "**Defendants**") respond to the Complaint filed by plaintiff Chris Carrington ("**Carrington**" or "**Plaintiff**") as follows:

### NATURE OF THE ACTION

1.      Answering paragraph 1 of the Complaint, Defendants respond that Plaintiff was employed by defendant Mecca Electronics Industries, Inc. ("Mecca") and denies the remaining allegations.

2.      Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act ("**FLSA**"), and deny the remaining allegations.

3.      Defendants admit that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23(a) and (b), for violations of the New York Labor Law, and deny Plaintiff's remaining allegations.

## JURISDICTION AND VENUE

4.      Defendants make no responses to the allegations in Paragraph 4 of the Complaint as same set forth legal conclusions to which no responses are required, but Defendants deny that Plaintiff states a cause of action upon which relief can be granted.

5.      Answering the second Paragraph 3 in the Complaint, Defendants make no response as to venue as this Paragraph sets forth legal conclusions to which no responses are required but, to the extent responses are required, deny same.

6.      Answering the second Paragraph 4 in the Complaint, Defendants admit that the Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, but deny they committed any unlawful act alleged by Plaintiff, and deny that Plaintiff is entitled to any of the requested relief.

## THE PARTIES

7.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and on that basis deny them.

8.      Defendant admit the allegations contain in Paragraph 6 of the Complaint.

9.      Answering Paragraph 7 of the Complaint, Defendants do not answer those statements that constitute legal conclusions for which no response is required, and deny that Alliance Entertainment, LLC ("**Alliance**") is engaged in the production of goods, and that its employees handle tools, equipment or parts for sale in commerce.

10.      Defendants admit the allegations in Paragraph 8 of the Complaint.

2

11.     Answering Paragraph 9 of the Complaint, Defendants do not answer those statements that constitute legal conclusions for which no response is required, and deny that Mecca is engaged in the production of goods and that its employees handle tools, equipment or parts for sale in commerce.

12.     Defendants deny the allegations in Paragraph 10 of the Complaint.

## STATEMENT OF FACTS

13.     Defendants admit the allegations in Paragraph 11 of the Complaint.

14.     Answering Paragraph 12 of the Complaint, Defendants admit that Mecca distributes electronic home entertainment products and otherwise denies the allegations.

15.     Defendants deny the allegations in Paragraph 13 of the Complaint.

16.     Defendants deny the allegations in Paragraph 14 of the Complaint.

17.     Answering Paragraph 15 of the Complaint, Defendants deny that Plaintiff met with Jared Schofield ("**Schofield**"), to discuss onboarding materials and issues, admit that Plaintiff met with Terri Borders ("**Borders**") on or about May 1, 2018, lack sufficient information to admit or deny the remaining allegations and, on that basis, deny them.

18.     Answering Paragraph 16 of the Complaint, Defendants admit that Schofield is present at Mecca's offices every workday, was one of Plaintiff's supervisors during Plaintiff's employment, and, except as expressly admitted, deny the remaining allegations.

**Regarding Duties Performed, Hours Worked and Number of Technicians**

19.     Answering Paragraph 17 of the Complaint, Defendants state that Mecca employed Plaintiff as a warehouse worker until in or around September 2020 and, except as expressly admitted, deny the remaining allegations.

20.     Answering Paragraph 18 of the Complaint, Defendants admit that during the months of January to September (the "**Regular Season**"), Plaintiff was scheduled to work for Mecca each day from Monday to Friday, from approximately 9:00 am to approximately 6:00 pm and, except as expressly admitted, deny the remaining allegations.

21.     Answering Paragraph 19 of the Complaint, Defendants admit that from in and around March 2010 until in or around December 2018, Plaintiff received from Mecca and took a 30-minute, paid meal break each day, resulting in average, a work week of approximately 42.5 hours (including paid meal breaks), during the Regular Season and, except as expressly admitted, deny the remaining allegations.

22.     Answering Paragraph 20 of the Complaint, Defendants admit that in and around January 2019 until in or around July 2020, Mecca provided Plaintiff with a one-hour, paid meal break, resulting in a work week of approximately 40 hours).

23.     Defendants deny the allegations in Paragraph 21 of the Complaint.

24.     Answering Paragraph 22 of the Complaint, Defendants admit that from in and around March 2010 until in and around December 2018, Mecca provided Plaintiff with a 30-minute, paid meal break and deny the remaining allegations.

25.     Answering Paragraph 23 of the Complaint, Defendants admit that from in and around January 2019 until in and around July 2020, Mecca provided Plaintiff with a one-hour, paid meal break and, except as expressly admitted, deny the remaining allegations.

26.     Answering Paragraph 24 of the Complaint, Defendants deny that Plaintiff's duties included "going out on deliveries" and admit the remaining allegations.

27.     Defendants admit the allegations in Paragraph 25 of the Complaint.

28.     Defendants deny the allegations in Paragraph 26 of the Complaint.

4847-2694-4982, v. 1

29.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint and on that basis denies them.

**Compensation Policies**

30.     Answering Paragraph 28 of Complaint, Defendants admit that Mecca paid Plaintiff at an hourly rate and, except as otherwise expressly admitted, deny the remaining allegations.

31.     Defendants deny the allegations in Paragraph 29 of the Complaint.

32.     Defendants deny the allegations in Paragraph 30 of the Complaint.

33.     Answering Paragraph 31 of the Complaint, Defendants admit that, Mecca paid Plaintiff through direct deposit, and deny that Alliance paid Plaintiff any amount.

34.     Paragraph 32 of the Complaint sets forth a legal conclusion to which no response is required but, to the extent responses are required, deny same.  Defendants admit that they are required to pay employees minimum wage and deny any violation of that requirement.

35.     Defendants deny the allegations in Paragraph 33 of the Complaint.

36.     Defendants deny the allegations in Paragraph 34 of the Complaint.

37.     Defendants deny the allegations in Paragraph 35 of the Complaint.

38.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint regarding what conversation Plaintiff had and so deny them, and the deny the remaining the allegations.

39.     Defendants admit the allegations in Paragraph 37 of the Complaint.

40.     Paragraph 38 of the Complaint sets forth a legal conclusion to which no response is required, which they otherwise deny.

4847-2694-4982, v. 1

**Labor Law Notice Violations**

41.     Answering Paragraph 39 of the Complaint, Alliance denies any requirement to have provided any information to Plaintiff, and as to Mecca, lack sufficient information to admit or deny the allegations and on that basis denies them.

42.     Answering Paragraph 40 of the Complaint, Alliance denies any requirement to have provided any information to Plaintiff, and states that Mecca provided the written wage statement provided electronically with each wage payment.

43.     Answering Paragraph 41 of the Complaint, Defendants deny any obligation on Alliance's part with respect to the unidentified "warehouse workers", Mecca denies that it did not provide its  employees with a wage statement, and Defendants deny knowledge or information sufficient to form a belief as to what conversations Plaintiff may have had.

## CLASS ACTION ALLEGATIONS

44.     Answering Paragraph 42 of the Complaint, Defendants admit that Plaintiff purports to bring a class action, deny that they committed any unlawful act as alleged by Plaintiff, deny that Plaintiff is entitled to any of the requested relief, and deny that Plaintiff can meet the class action requirements pursuant to Federal Rule of Civil Procedure 23.

45.     Answering Paragraph 43 of the Complaint, Defendants admit that Plaintiff purports to bring a class action, deny that they committed any unlawful act as alleged by Plaintiff, deny Plaintiff is entitled to any of the requested relief, and deny that Plaintiff can meet the class action requirements pursuant to Federal Rule of Civil Procedure 23.

46.     Defendants deny the allegations in Paragraph 44 of the Complaint.

47.     Defendants deny the allegations in Paragraph 45 of the Complaint.

48.     Defendants deny the allegations in Paragraph 46 of the Complaint.

49.     Defendants deny the allegations in Paragraph 47 of the Complaint.

50.     Defendants deny the allegations in Paragraph 48 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

51.     Answering Paragraph 49 of the Complaint, Defendants admit that Plaintiff purports to bring a collective action to recover damages, deny that they committed any unlawful act alleged by Plaintiff, and deny that Plaintiff is entitled to any of the requested relief.

52.     Paragraph 50 of the Complaint states legal conclusions to which no response is required but, to the extent a response is required, Defendants deny same. are denied.

## AS TO THE FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE UNDER THE LABOR LAW
### (On Behalf of Plaintiff)

53.     Answering Paragraph 51 of the Complaint, Defendants incorporate by reference their answers in Paragraphs 1-52 above as if stated here in full.

54.     To the extent Paragraph 52 of the Complaint sets forth a legal conclusion, Defendants answer that no response is required, and otherwise deny that they are "employers" of Plaintiff.

55.      To the extent Paragraph 53 of the Complaint sets forth a legal conclusion, Defendants answer that no response is required, and otherwise deny that they are employers of Plaintiff.

56.     Defendants deny the allegations in Paragraph 54 of the Complaint.

57.     Defendants deny the allegations in Paragraph 55 of the Complaint.

58.     Defendants deny the allegations in Paragraph 56 of the Complaint.

4847-2694-4982, v. 1

**AS TO THE SECOND CAUSE OF ACTION**
**FAILURE TO PAY THE OVERTIME PREMIUM PAY UNDER THE FLSA**
**(On Behalf of Plaintiff and the Collective Action Members)**

59.     Answering Paragraph 57 of the Complaint, Defendants incorporate by reference their answers in Paragraphs 1-58 above as if stated here in full.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

61.     Defendants deny the allegations in Paragraph 59 of the Complaint.

62.     Paragraph 60 of the Complaint sets forth legal conclusions to which no responses are required, but Defendants deny any violation of the FLSA.

63.     Paragraph 61 of the Complaint sets forth a legal conclusion to which no response is required but Defendants deny any violation of the FLSA.

64.     Defendants deny the allegations in Paragraph 62 of the Complaint.

65.     Defendants deny the allegations in Paragraph 63 of the Complaint.

66.     Defendants deny the allegations in Paragraph 64 of the Complaint.

67.     Defendants deny the allegations in Paragraph 65 of the Complaint.

68.     Defendants deny the allegations in Paragraph 67 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME PREMIUM PAY**
**UNDER THE NEW YORK LABOR LAW**
**(On Behalf of Plaintiff and the Class Action Members)**

69.     Answering Paragraph 67 of the Complaint, Defendants incorporate by reference their answers in Paragraphs 1-68 above as if stated here in full.

70.     Paragraph 68 of the Complaint sets forth legal conclusions to which no responses are required.  However, Defendants deny any violations of the New York Labor Law (the "**NYLL"**) and supporting Regulations (the "**Regulations"**).

71.     Answering Paragraph 69 of the Complaint, to the extent it sets forth legal conclusions, no responses are required, but Defendants  deny any violations of the NYLL and Regulations, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

72.     Answering Paragraph 70 of the Complaint, to the extent it sets forth a legal conclusion, no response it required, but Defendants deny any violation of the NYLL or Regulations.

73.     Defendants deny the allegations in Paragraph 71 of the Complaint.

74.     Defendants deny the allegations in Paragraph 72 of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION
### UNTIMELY WAGE PAYMENTS UNDER THE NEW YORK LABOR LAW
#### (On Behalf of Plaintiff and the Class Action Members)

75.     Answering Paragraph 73 of the Complaint, Defendants incorporate by reference their answers in Paragraphs 1-74 above as if stated here in full.

76.     Answering Paragraph 74 of the Complaint, to the extent it sets forth legal conclusions, no responses are required, and Defendants deny any violation of the NYLL or Regulations.

77.     Answering Paragraph 75 of the Complaint, to the extent it sets forth a legal conclusion, no response is required and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

78.     Answering Paragraph 76 of the Complaint, it sets forth a legal conclusion, no response is required but Defendants deny any violation of the NYLL or Regulations.

79.     Answering Paragraph 77 of the Complaint, to the extent it sets forth a legal conclusion, no response it required.  Defendants deny any violation of the NYLL or the

4847-2694-4982, v. 1

Regulations , and deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the purported "Class Members."

80.      Defendants deny the allegations in Paragraph 78 of the Complaint.

## AS FOR THE FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
### (On Behalf of Plaintiff and the Class Action Members)

81.      Answering Paragraph 79 of the Complaint, Defendants incorporate by reference their answers in Paragraphs 1-80 above as if stated here in full.

82.      Defendants deny the allegations in Paragraph 80 of the Complaint.

83.      Defendants deny the allegations in Paragraph 81 of the Complaint.

## AS FOR THE SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.3 WAGE STATEMENT
## UNDER THE NEW YORK LABOR LAW
### (On Behalf of Plaintiffs and the Class Action Members)

84.      Answering Paragraph 82 of the Complaint, Defendants incorporate by reference their answers in Paragraphs 1-83 above as if stated here in full.

85.      Defendants deny the allegations in Paragraph 83 of the Complaint.

86.      Defendants deny the allegations in Paragraph 84 of the Complaint.

**WHEREFORE**, Defendants request that the Court deny all relief sought by Plaintiff in Paragraphs A-O of the Prayer for Relief and award Defendants the relief set forth in the Wherefore clause below.

## DEFENSES

Defendants allege the following separate and independent defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to

4847-2694-4982, v. 1

applicable substantive or procedural law. Defendants reserve the right to amend or supplement their defenses and assert additional counterclaims and third-party claims that may become known during the course of discovery or otherwise.

## FIRST DEFENSE

The Complaint fails to state claims for which relief may be granted.

## SECOND DEFENSE

Plaintiff and the putative collective are not similarly situated and, therefore, cannot satisfy the requirements to maintain this suit as a collective action under 29 U.S.C. § 216(b).

## THIRD DEFENSE

Plaintiff fails to satisfy the requirements for bringing a class action under Fed. R. Civ. P. 23. Plaintiff's claims are neither common to nor typical of those of any purportedly "similarly situated" individuals or "Class" members or "Collective"– the existence of which are denied. The types of claims alleged by Plaintiff on behalf of himself and the purportedly "similarly situated" individuals or "Class" members – the existence of which are denied – are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment. Plaintiff has not shown and cannot show that class treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy.

## FOURTH DEFENSE

Certain interests of Plaintiff conflict with the interests of all or some of the purportedly "similarly situated" individuals or "Class" members or "Collective" members– the existence of which are denied.

## FIFTH DEFENSE

The putative class or collective claims against Defendants are barred for lack of an

11

appropriate and adequate class representative.

## SIXTH DEFENSE

Plaintiff's claims under the FLSA and the New York wage and hour laws against Alliance are barred because he was not employed by Alliance.

## SEVENTH DEFENSE

Plaintiff is not an adequate representative to represent putative class members with claims under New York wage and hour laws because Plaintiff is no longer employed by Mecca.  The putative class claims under New York wage and hour laws as to Mecca are barred for lack of a class representative.

## EIGHTH DEFENSE

Plaintiff is not an adequate representative to represent putative class members with claims under New York wage and hour law as to Alliance because Plaintiff was not employed by Alliance.  The putative class claims under New York wage and hour laws as to Alliance are barred for lack of a class representative.

## NINTH DEFENSE

Plaintiff is not an adequate representative to represent putative class members with claims under New York wage and hour law as to Alliance because Plaintiff was not been employed by Alliance.  The putative class claims under New York wage and hour law as to Alliance are barred for lack of a class representative.

## TENTH DEFENSE

Plaintiff's claims and/or those of any purportedly "similarly situated" members of the "Collective" or "Class" members – the existence of which are denied – are barred, in whole or in part, by statutory exclusions, exemptions, exceptions, and/or credits under the FLSA and/or

New York  wage and hour laws.

## ELEVENTH DEFENSE

 Plaintiff's claims and/or those of any purportedly "similarly situated" members of the "Collective" or "Class" members – the existence of which are denied – are barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH DEFENSE

Plaintiff's claims and/or the claims of any purportedly "similarly situated" members of the "Collective" or "Class" members – the existence of which are denied – are barred, in whole or in part, by the Portal-to-Portal Act, 29 U.S.C. § 259.

## THIRTEENTH DEFENSE

The actions of Mecca and Alliance, to the extent Alliance is deemed to have employed Plaintiff or any member of the purported "Collective" or "Class" – the existence of which is denied -- were taken in good faith and made in conformity with, and reliance upon, the policies, administrative regulations, orders, rulings, or interpretations of the Wage and Hour Division of the United States and/or New York Departments of Labor, or judicial interpretations of law and with reasonable grounds to believe that the acts or omissions did not violate the FLSA and/or New York wage and hour laws.

## FOURTEENTH DEFENSE

Plaintiff's claims and/or the claims of "similarly situated" individuals – the existence of which are denied – are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

**FIFTEENTH DEFENSE**

Plaintiff and/or the claims of "similarly situated" individuals or "Class" members – the existence of which are denied – are not entitled to compensation to the extent Mecca and Alliance, in the event Alliance is deemed to have employed Plaintiff or any member of the "Class" -- the existence of which is denied, neither knew nor had reason to know that the individuals were incurring the overtime expenses alleged in the Complaint.

**SIXTEENTH DEFENSE**

Plaintiff's claims and the putative claims of all purportedly "similarly situated" individuals or "Class" members – the existence of which are denied – are barred, in whole or in part, by the doctrines of payment and accord and satisfaction, because Plaintiff was compensated for all sums legally due under the FLSA and New York wage and hour laws.

**SEVENTEENTH DEFENSE**

Plaintiff's claims and/or the claims of "similarly situated" individuals or "Class" members – the existence of which are denied – are barred, in whole or in part, by the doctrines of estoppel and waiver.

**EIGHTEENTH DEFENSE**

Plaintiff's claims and/or the claims of "similarly situated" individuals or "Class" members – the existence of which are denied – are barred, in whole or in part, by the doctrine of laches.

**NINETEENTH DEFENSE**

Defendants at all times acted in good faith to comply with the FLSA and had reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff and/or alleged "similarly situated" individuals for liquidated damages.

4847-2694-4982, v. 1

## TWENTIETH DEFENSE

The Complaint and each of Plaintiff's claims for relief and/or the claims of "similarly situated" individuals or "Class" members – the existence of which are denied – are barred by the doctrines of *res judicata* and collateral estoppel.

## TWENTY-FIRST DEFENSE

The damages claimed by Plaintiff and/or the damages claimed on behalf of "similarly situated" individuals or "Class" members – the existence of which are denied – are barred to the extent that they are speculative in nature.

## TWENTY-SECOND DEFENSE

Plaintiff and/or the individuals purported to be "similarly situated" or "Class" members – the existence of such class is denied – has failed to mitigate or reasonably attempt to mitigate his alleged damages, if any, as required by federal and state law.

## TWENTY-THIRD DEFENSE

The Complaint and each of its claims for relief are barred because any recovery from Defendant would result in unjust enrichment to the Plaintiff and/or the purportedly "similarly situated" individuals or "Class" members – the existence of which are denied.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff and/or the individuals purported to be "similarly situated" or "Class" members – the existence of which are denied – have an adequate and complete remedy at law.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred because he and/or the "similarly situated" individuals or "Class" members – the existence of which are denied – misperformed their respective duties or failed to perform those duties they were realistically expected to perform.

15

### TWENTY-SIXTH DEFENSE

Plaintiff's claims and/or the claims of "similarly situated" individuals or "Class" members – the existence of which are denied – are barred because the claims contained therein are foreclosed by the wage and hour laws' *de minimis* exception and/or some or all the time allegedly worked is not compensable pursuant to the provisions of the FLSA, the Portal-to-Portal Act of 1947, and/or New York state law.

### TWENTY-SEVENTH DEFENSE

Because liability and/or damages, if any, to the "similarly situated" individuals or "Class" members – the existence of which are denied – may not be determined by a single jury on a group-wide basis, allowing this action to proceed as a class or collective action would violate Defendants' rights under the Seventh and Fourteenth Amendment to the United States Constitution.

### TWENTY-EIGHTH DEFENSE

In the event that the proposed FLSA collective and/or either of the proposed state law classes or any other class or sub-class should be certified in this matter, or any individual be allowed to opt into the action, Defendants incorporate by reference and re-allege all their defenses to Plaintiff's individual claims in response to the claims brought on behalf of or asserted by all members of such proposed collective, proposed class(es), other class or sub-class, or opt-in plaintiff.

### TWENTY-NINTH DEFENSE

There is no private cause of action for violations of N.Y. Lab. Law §191 and therefore Plaintiff lacks standing to bring such claim.

### THIRTIETH DEFENSE

At varying times alleged, Mecca was a small employer for purposes of New York

16

minimum wage rates.

## **THIRTY-FIRST DEFENSE**

Any amounts due and owing from Mecca to  Plaintiff have been paid in full by Mecca and accepted by the Plaintiff.

## **THIRTY-SECOND AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM (OFFSET)**

1.      As all times during his employment by Mecca, Mecca agreed to compensate Plaintiff based on the number of hours he worked.

2.      For almost the entirety of Plaintiff's employment by Mecca, Plaintiff was a full-time employee.

3.      In and around the first week of July 2020, Plaintiff advised Schofield that he anticipated needing time off due to an issue with his foot.

4.      Schofield informed Plaintiff that if Plaintiff's absence was limited to two-weeks, he would be permitted to draw down on his accrued and unused "PTO" leave.

5.      Schofield further informed Plaintiff that if Plaintiff would be absent in excess of two-weeks, he was required to inform Borders, who oversees "human resources" for Mecca, in order to apply  for short-term disability.

6.      Plaintiff replied that he would confer with his physician.

7.      During the next two weeks, Plaintiff was absent from work, did not call to report his absence, did not advise his supervisors that he was drawing down on his accrued and unused PTO leave, and Mecca continued to pay Plaintiff according to his standard forty-hour weekly schedule.

8.      In and around early August 2020, after Plaintiff had failed to return to work and to contact Mecca, Schofield attempted to telephone Plaintiff; Plaintiff did not answer his telephone

and his telephone did not permit a caller to leave a voice message.

9.      On or about September 24, 2020, Schofield contacted Borders and inquired whether Plaintiff had contacted her as Schofield had directed.

10.     Borders replied that Plaintiff had not, was surprised to learn of his absence, and immediately called Plaintiff.

11.     Although Borders also was unable to leave a voice message for Plaintiff, the following day Plaintiff telephoned Borders.

12.     During their September 25, 2020 telephone call, Plaintiff advised Borders that he was still having an issue with his foot and asked her what his options were.

13.     Borders informed Plaintiff that he was eligible for FMLA leave and short term disability, at no cost to Plaintiff, if his doctor determined that he qualified, and encouraged Plaintiff to apply.

14.     Plaintiff's response indicated he was reluctant, and he asked if he had any other options to which Borders replied that if he was not approved by his doctor for medical leave, he would be expected to return work and that Mecca could not keep his position "open."

15.     Plaintiff replied he would file a claim for short-term disability, and Borders provided him the contact information of disability insurance carrier.

16.     Based on Plaintiff's representation, Mecca placed Plaintiff on unpaid FMLA leave.

17.     On or about October 9, 2020, Plaintiff telephone Borders, informed her that he had not and did not want to file for disability, "because it was too much of a hassle," and advised her that he was "resigning."

18.     On or about that same day, Plaintiff texted Border to confirm his resignation.

19.     By September 25, 2020, on or about which time Mecca placed Plaintiff on unpaid, FMLA leave, Mecca had paid Plaintiff a total of $5,720 for eleven (11) weeks during which he had not worked ("**Unearned Payments**").

20.     Accordingly, Plaintiff owes Mecca $5,720, plus interest, representing monies that were not due him and, to the extent Plaintiff recovers any award against Mecca, which Mecca denies, said amount should be offset from any judgment.

### SECOND COUNTERCLAIM
### (BREACH OF DUTIES OF LOYALTY, ETC.)

21.     Mecca repeats and realleges the  allegations in Paragraphs 1 through 20 of the First Counterclaim as if same were fully set forth herein at length.

22.     As a full-time Mecca employee, Plaintiff owed Mecca duties of loyalty, fidelity and good faith.

23.     At all relevant times, Plaintiff was aware that Mecca's policy required employees to report his/her absence from work to his/her supervisor as soon as practicable.

24.     Plaintiff intentionally, knowingly and misleadingly failed to report his absence to Mecca at any after mid July 2020.

25.     In addition, despite Schofield's express instructions, after early August 2020, Plaintiff failed to inform either his supervisor or Borders that he was drawing down on his accrued PTO leave and/or that he required a medical leave of absence.

26.     Plaintiff's failure to report his absence, advise Mecca he was drawing down on his accrued PTO and/or that he required a medical leave were intentional, knowing and misleading omissions.

27.     In reliance on Plaintiff's knowledge of Mecca's policy and that he would comply with Schofield's instructions, Mecca continued to pay Plaintiff based on his regular work

schedule for eleven (11) weeks.

28.     At no time between on or about July 6, 2020 through September 25, 2020 did Plaintiff reveal he would be, or was, absent from work and, in fact, actively concealed his absence from work from Mecca because, upon information and belief, his treating physician, if any, had determined he did not qualify for medical leave or short-term disability.

29.     As a result of Plaintiff's bad faith and disloyal conduct to Mecca, Mecca paid Unearned Payments in the aggregate sum of $5,720 for hours he performed no services for Mecca during an eleven (11) week period.

30.     The foregoing actions by the Plaintiff constitute a breach of Plaintiff's breach of Plaintiff's fiduciary duties and duties of fidelity, loyalty and good faith owed to his employer, a violation of company policy, and a violation of the lawful directions of his employer, and diversion of Mecca's fund and waste of Mecca's resources.

**THIRD COUNTERCLAIM**
**(UNJUST ENRICHMENT)**

31.     Mecca repeats and realleges the allegations in Paragraphs 1 through 30 of the foregoing Counterclaims as if same were fully set forth herein at length.

32.     If  Plaintiff is not required to repay Mecca the Unearned Payments, he will be unjustly enriched to Mecca's substantial detriment.

33.     As a direct and proximate result thereof, Mecca has been damaged.

**FOURTH COUNTERCLAIM**
**(VIOLATION OF THE FAITHLESS SERVANT DOCTRINE)**

34.     Mecca repeats and realleges the allegations Paragraphs 1 through 33 of the Counterclaims as if same were fully set forth herein at length.

35.     For the aforesaid reasons, Plaintiff was a faithless servant.

4847-2694-4982, v. 1

36.     As a direct and proximate result thereof, Mecca suffered damages.

## RELIEF REQUESTED

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, dismissing the complaint with prejudice, awarding to Plaintiff no relief on the Complaint, and instead:

(a)     Granting judgment for Mecca on its Counterclaims and

      (1)     Judgment in the amount of such Unearned Payments, with interest, and that such amount be offset against any amount it may be determined that Mecca owes Plaintiff;

      (2)     Directing the disgorgement of the Unearned Payments, with interest, and granting Mecca a money judgment against Plaintiff for such amounts;

      (3)     Denying Plaintiff the recovery of any wages or other benefits claimed by Plaintiff to be due for any periods of Plaintiff's disloyalty to Mecca;

      (4)     Granting Mecca a money judgment for all additional damages incurred by it resulting from Plaintiff's intentional and misleading omissions in violation of his fiduciary duties in an amount to be determined at trial, including, but not limited to, the costs and expenses incurred by Mecca in in employing Plaintiff;  and

(b)     Granting Defendants the costs, disbursements and attorneys' fees of this action, and such other and further relief that this Court deems just, proper and equitable.

Dated:  January 8, 2021

MANDELBAUM SALSBURG, PC
Attorneys for Defendants


By:_____/s/Lauren X. Topelsohn_____
              Lauren X. Topelsohn

## <u>CERTIFICATION OF SERVICE</u>

On this date, I caused a copy of the foregoing Answer, Affirmative Defenses and

Counterclaim to be served via the Court's ECF system upon:

> Douglas B. Lipsky, Esq.
> Alfons D'Auria, Esq.
> Lipsky Lowe LLP
> 420 Lexington Avenue, Suite 1830
> New York, NY 10170-1830
> doug@lipskylowe.com
> alfons@lipskylowe.com
> Attorneys for Plaintiff Carrington

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  January 8, 2021

> MANDELBAUM SALSBURG, PC
> Attorneys for Defendants

> By:_____/s/Lauren X. Topelsohn_____
> Lauren X. Topelsohn

4847-2694-4982, v. 1